UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

VIRGINIA AMADOR,                                                    Case No.

                                        Plaintiff,

                    -vs.-                                           **COMPLAINT**

GREEN WORLD CLEAN CORP., GREEN
WORLD CLEANERS1 LLC, MATTHEW
FANIA, and MING LIN,

                                        Defendants.
----------------------------------------------------------X

Plaintiff, VIRGINIA AMADOR, by and through her attorneys, the LAW OFFICES

OF WILLIAM CAFARO, complaining of the Defendants, hereby allege as follows:


### *THE PARTIES*


1.       Plaintiff, VIRGINIA AMADOR (hereinafter "Ms. Amador" or "Plaintiff") is

an individual residing in Bronx, New York.


2.       Upon information and belief, Defendant GREEN WORLD CLEAN CORP.,

(hereinafter "Green World Clean") was and is a domestic business corporation whose

principal place of business is located at 47-38 34th Street, Long Island City, NY 11101.


3.       Upon information and belief, Defendant GREEN WORLD CLEANERS1

LLC, (hereinafter "Green World Cleaners") was and is a domestic business corporation

whose principal place of business is located at 47-38 34th Street, Long Island City, NY

11101.

4.      Upon information and belief, Defendant MATTHEW FANIA (hereinafter "Fania") is an individual, whose actual place of business is located at 47-38 34th Street, Long Island City, NY 11101.

5.      Upon information and belief, at all times herein pertinent, Defendant Fania, served as a principal, officer and/or manager of Defendants Green World Clean and Green World Cleaners.

6.      Upon information and belief, Defendant MING LIN (hereinafter "Lin") is an individual, whose actual place of business is located at 47-38 34th Street, Long Island City, NY 11101.

7.      Upon information and belief, at all times herein pertinent, Defendant Lin, served as a principal, officer and/or manager of Defendants Green World Clean and Green World Cleaners.

8.      Upon information and belief, Defendant Lin is listed as the Chief Executive Officer of Green World Clean in business filings with the New York State Department of State.

9.      Upon information and belief, for the calendar year 2013 the gross receipts of Green World Clean were not less than $500,000.00.

10.     Upon information and belief, for the calendar year 2014 the gross receipts of Green World Clean were not less than $500,000.00.

11.     Upon information and belief, for the calendar year 2015 the gross receipts of Green World Clean were not less than $500,000.00.

12.     Upon information and belief, for the calendar year 2016 the gross receipts of Green World Clean will not be less than $500,000.00.

13.     Upon information and belief, for the calendar year 2013 the gross receipts of Green World Cleaners were not less than $500,000.00.

14.     Upon information and belief, for the calendar year 2014 the gross receipts of Green World Cleaners were not less than $500,000.00.

15.     Upon information and belief, for the calendar year 2015 the gross receipts of Green World Cleaners were not less than $500,000.00.

16.     Upon information and belief, for the calendar year 2016 the gross receipts of Green World Cleaners will not be less than $500,000.00.

17.     Upon information and belief, the three corporate defendants, Green World Clean and Green World Cleaners, are operated under common ownership and under common management for a joint business purpose, as a joint enterprise.

18.     Upon information and belief, Green World Clean and Green World Cleaners, have unified and interrelated operations, centralized control of labor relations, and interrelated business goals.

19.     Upon information and belief, the defendants Fania and Lin own all the beneficial interest of the defendants, Green World Clean and Green World Cleaners.

20.     Upon information and belief, the defendants Fania and Lin, conducted substantially all the management functions of the defendants, Green World Clean and Green World Cleaners.

21.     Upon information and belief, the defendants Green World Clean and Green World Cleaners, have operated in the manner outlined in ¶¶ 17-20, inclusive, for at least the three years preceding the filing of this Compliant.

22.     Upon information and belief, the aggregated gross receipts of Green World Clean and Green World Cleaners exceeded $500,000.00 per annum in each of the calendar years 2013 through 2016, inclusive.

## *JURISDICTION AND VENUE*

23.     Jurisdiction is based upon 28 U.S.C. § 1331, insofar as it involves a statute of the United States, specifically, the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et*

*seq.*, and Plaintiff relies upon 28 U.S.C. § 1367 to invoke supplemental jurisdiction with respect to the state law claims which form another basis for recovery upon the same factual nexus, specifically Articles 6 & 19 of the Labor Law and 12 NYCRR §§ 142 *et seq.* and other appropriate rules, regulations, statutes, and ordinances.

24.     Venue is based upon 28 U.S.C. § 1391(b)(1), insofar as at least one of the Defendants resides within this Judicial District, and (b)(2), insofar as a substantial part of the events giving rise to the within causes of action occurred in this Judicial District.

## *FACTUAL ALLEGATIONS*

25.     At all times herein pertinent, the Defendants, and each of them, were engaged in an industry having an affect on commerce within the meaning of 29 U.S.C. § 203.

26.     At all times herein pertinent, and in the course of her duties, Plaintiff regularly handled products which had been moved in commerce such as clothes detergent, liquid fabric softener, fabric softener sheets, ticket note pads, clothes hangers and laundry bags.

27.     Plaintiff's primary duties did not include the exercise of discretion and independent judgment with respect to any matters of significance.

28.     Green World Clean and Green World Cleaners operate as a laundromat and cleaners company.

29.     Ms. Amador was employed by the Defendants from on or about September 15, 2014 until August 19, 2016.

30.     Ms. Amador was assigned various duties including, but not limited to, washing, drying, folding, ticketing, hanging shirts, and cleaning machines.

31.     Plaintiff Amador worked Mondays through Fridays, inclusive, from 8:00AM until 8:00PM, and Saturdays from 8:00AM until 5:00PM.

32.     From the beginning of her employment until on or about February 28, 2015, Ms. Amador was paid a salary of $435.00 per week.

33.     From on or about March 1, 2016, until the end of her employment with the Defendants, Ms. Amador was paid $350.00 per week.

34.     Plaintiff regularly worked for the Defendants in excess of forty (40) hours a week but did not receive any overtime premium of one and one half times her regular rate of pay for those hours.

35.     Plaintiff did not receive the statutory minimum wage.

36.     Defendants failed to pay Plaintiff spread of hours pay.

37.     Upon information and belief, Defendants Fania and Lin had the power to hire employees at Green World Clean and Green World Cleaners.

38.     Upon information and belief, Defendant Fania hired Plaintiff on or about September 15, 2014.

39.     Upon information and belief, Defendants Fania and Lin had the power to fire employees at Green World Clean and Green World Cleaners.

40.     Upon information and belief, Defendant Fania fired Plaintiff on August 19, 2016.

41.     Defendants Fania and Lin controlled the terms of Plaintiff's employment in that they would tell the Plaintiff what tasks to complete and on what time frame those tasks needed to be completed.

42.     Upon information and belief, Defendants Fania and Lin controlled the work schedule of all of the employees of Green World Clean and Green World Cleaners, including the Plaintiff's work schedules.

43.     Upon information and belief, Defendants Fania and Lin controlled the rates and methods of payment of each employee of Green World Clean and Green World Cleaners, including the Plaintiff's pay rate and method of pay.

44.     At all times herein pertinent, the Plaintiff performed her duties for Defendant Green World Clean and Green World Cleaners, at the direction and under the control of Defendants Fania and Lin.

45.     Upon information and belief, and at all times herein pertinent, Defendants Fania and Lin exercised close control over the managerial operations of Green World Clean and Green World Cleaners, including the policies and practices concerning employees.

46.     At all times herein pertinent, Defendants Fania and Lin controlled the terms and conditions of employment, supervised employees, made decisions as to hiring and firing and as to wages with respect to the employees of Green World Clean and Green World Cleaners in general, and with respect to the Plaintiff in particular.

47.     At all times herein pertinent, Defendants Fania and Lin acted as Plaintiff's employers within the meaning of the FLSA and the New York State Labor Law.

48.     The Defendants did not create or maintain records showing the precise number of hours Plaintiff worked or of wages she earned.

49.     Plaintiff alternatively alleges that Defendants created records showing the number of hours Plaintiff worked and/or of wages she earned but upon information and belief, have not maintained them as required by law.

50.     Defendant failed to furnish Plaintiff with proper annual wage notice, as required by the NYLL.

51.     Defendants failed to furnish Plaintiff with a proper statement with every payment of wages, as required by the NYLL.


***AS AND FOR A FIRST CAUSE OF ACTION***
***FEDERAL FAIR LABOR STANDARDS ACT***
***AGAINST THE DEFENDANTS, AND EACH OF THEM***
***(MINIMUM WAGE)***


52.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.


53.     The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect the Plaintiff.


54.     Defendants have failed to pay Plaintiff the minimum wage to which she is entitled under the FLSA.


55.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of the Plaintiffs.


56.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## *AS AND FOR A SECOND CAUSE OF ACTION*
## *FEDERAL FAIR LABOR STANDARDS ACT*
## *AGAINST THE DEFENDANTS, AND EACH OF THEM*
## *(FAILURE TO PAY OVERTIME)*

57.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

58.     The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect the Plaintiff.

59.     Defendants have failed to pay the Plaintiff overtime wages to which she is entitled under the FLSA - at a rate of 1.5 times their regular rate of pay - for all hours worked in excess of 40 per workweek.

60.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

61.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

### *AS AND FOR A THIRD CAUSE OF ACTION*
### *STATE MINIMUM WAGE ACT*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(MINIMUM WAGE)*

62.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

63.     At all relevant times, Plaintiff was an employee of the Defendants within the meaning of the New York Labor Law.

64.     The minimum wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

65.     Defendants have failed to pay the Plaintiff the minimum hourly wage to which she is entitled under the NYLL and the supporting New York State Department of State regulations.

66.     By Defendants' failure to pay Plaintiff statutorily required minimum wages for hours worked up to 40 hours in a given week, they have willfully violated the New York Labor Law Articles 19, §§ 650 *et seq*., and the supporting New York State Department of Labor Regulations.

### *AS AND FOR A FOURTH CAUSE OF ACTION*
### *STATE WAGE AND HOUR LAW*
### *AGAINST THE DEFENDANTS, AND EACH OF THEM*
### *(FAILURE TO PAY OVERTIME)*

67.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

68.     At all relevant times, Plaintiff was an employee of the Defendants within the meaning of the New York Labor Law.

69.     The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants.

70.     Defendants have failed to pay the Plaintiff the overtime wages to which she is entitled under the New York Labor Law.

71.     By Defendants' failure to pay Plaintiff premium overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R. §§ 142, *et seq.*

### AS AND FOR A FIFTH CAUSE OF ACTION
### STATE WAGE AND HOUR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (FAILURE TO PAY SPREAD OF HOURS)

72.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

73.     Defendants have willfully failed to pay the Plaintiff additional compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of this workday – including working time plus time off for meals plus intervals off duty – has been greater than 10 hours.

74.     Through their knowing or intentional failure to pay Plaintiff spread of hours pay, Defendants have willfully and in bad faith violated the NYLL, Article 19, §§ 650, *et seq.* and the supporting New York State Department of Labor Regulations.

### AS AND FOR A SIXTH CAUSE OF ACTION
### NEW YORK STATE LABOR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (FAILURE TO PROVIDE ANNUAL WAGE NOTICES)

75.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

76.     Defendants have willfully failed to furnish the Plaintiff with annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by

each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

77.     Through their knowing or intentional failure to provide the Plaintiff with the annual wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

### AS AND FOR A SEVENTH CAUSE OF ACTION
### NEW YORK STATE LABOR LAW
### AGAINST THE DEFENDANTS, AND EACH OF THEM
### (FAILURE TO PROVIDE WAGE STATEMENTS)

78.     The Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

79.     Defendants have willfully failed to furnish the Plaintiff with statements with every payment of wages as required by NYLL, Article 6, § 195(3), listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone

14

number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular and overtime hours worked.

80.     Through their knowing or intentional failure to provide the Plaintiff with the wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

**WHEREFORE**, Plaintiff prays for judgment as against the Defendants, and each of them, as follows:

   a)  awarding back pay for minimum wage due and owing to the Plaintiff;

   b)  awarding back pay for overtime pay due and owing to the Plaintiff;

   c)  awarding back pay for spread of hours pay due and owing to the Plaintiff;

   d)  Declaring that Defendants violated the provisions of the NYLL relating to notice and record keeping requirements regarding employees, and awarding Plaintiff statutory damages and any other relief authorized under the NYLL for violations of those requirements;

   e)  awarding liquidated damages pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

   f)  awarding the costs and disbursements of this action, along with reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) and/or New York State's Labor Law, Articles 6 & 19, §§ 198(1-a), 663(1);

   g)  awarding any other relief this Court deems just, proper and equitable.

15

Dated:  New York, New York
       October 24, 2016

                                      Respectfully submitted,
                                        LAW OFFICES OF WILLIAM CAFARO

                                        Amit Kumar (AK0822)
                                        Attorneys for Plaintiff
                                        108 West 39th Street, Suite 602
                                        New York, New York 10018
                                        (212) 583-7400
                                        AKumar@Cafaroesq.com
                                        Our File No.: 52913

To:

GREEN WORLD CLEAN CORP.
47-38 34th Street
Long Island City, NY 11101

GREEN WORLD CLEANERS1 LLC
47-38 34th Street
Long Island City, NY 11101

MATTHEW FANIA
47-38 34th Street
Long Island City, NY 11101

MING LIN
47-38 34th Street
Long Island City, NY 11101

16

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
VIRGINIA AMADOR,                                           Case No.

                            Plaintiff,

            -vs.-

GREEN WORLD CLEAN CORP., GREEN
WORLD CLEANERS1 LLC, MATTHEW
FANIA, and MING LIN,

                            Defendants.
----------------------------------------------------------X

---

**COMPLAINT**

---

LAW OFFICES OF WILLIAM CAFARO
Attorneys for Plaintiff
108 West 39th Street, Suite 602
New York, New York 10018
(212) 583-7400
File No. 52913